## MAKING NEW PARTIES FOR PURPOSE OF DISTRIBUTION.

Circuit Court of Hamilton County.

ALEX. M. HAZELGREEN ET AL V. THE CINCINNATI & INDIANA WESTERN RAILROAD COMPANY ET AL.

Decided, November, 1907.

*Parties—May be Brought in for Purposes of Distribution—Contractors —Railways—Claims of Material-men and Laborers—Error.*

In an action by a contractor against a railway company for damages for breach of contract it is not error, where judgment has been obtained by the contractor, to permit the railway company to make material-men and others asserting claims against the contractor parties to the action for the purpose of distribution.

*L. W. Goss,* for plaintiff in error.
*John W. Peck,* for the railroad company.

*Per Curiam.*

The court is of the opinion that there is no error in this case. The petition below was filed by Henry S. Hazelgreen, doing business as H. S. Hazelgreen & Co., against the Cincinnati, Indiana & Western Railroad Company to recover for a breach of contract. The railroad company filed its answer and cross-petition asking judgment in a certain sum against said plaintiffs. These two questions were submitted to a jury who found in favor of the plaintiffs against the defendant in the sum of $1,231.91. Thereupon the railroad company made various persons, claiming to have performed labor, furnished supplies, food, board, etc., to the contractor, parties defendant, and asked that said sum so recovered against it be distributed among said labor and material men.

It can not be claimed that the amount found by the jury as due the plaintiffs, was outside and above the other sums that the defendant railroad company owed for labor and supplies furnished, and that these amounts were deducted from the entire sum due. The verdict returned fixed the entire amount that was owing from the railroad to plaintiff, and in this amount the

various laborers and material men were interested. We see no error in having them made parties to the action for purposes of distribution.

The judgment therefore will be affirmed.

---

## JUDGMENT IN EXCESS OF AMOUNT ENDORSED ON SUMMONS.